UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TEDDY FARMER,

                                                          Plaintiff,                      **FIRST AMENDED**

               -against-                                                     **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER       CV 11 1564 (SJ) (JO)
HERMAN KIRTON, tax # 901780, POLICE OFFICER
JEAN-MARC DENIS, tax # 917525, POLICE OFFICER   <u>Jury Trial Demanded</u>
SANTIAGO VARALA, tax # 926241, POLICE OFFICER
GREGORY CLARKE, tax # 923673, SERGEANT
ROBERT HOLT, tax # 913435, POLICE OFFICERS
JOHN DOES 1-5,

                                                     Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers of the 79th Precinct alleging that, on April 26, 2008, defendants violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by using excessive force on him, making false allegations about him to prosecutors and maliciously prosecuting him.  The criminal charges were ultimately dismissed on March 17, 2011, almost three years later, on the ground that plaintiff was denied a speedy trial.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

4. Plaintiff is a United States citizen who resides in Brooklyn.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Herman Kirton, Jean-Marc Denis, Santiago Varala, Gregory Clarke, Robert Holt and John Does 1-5 are New York City Police Officers who were employed in the 79th Precinct on the date in question. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. Plaintiff celebrated his birthday during the evening of April 25, 2008 and, in the early morning hours of April 26, 2008, took a car service to his home in Brooklyn located at 129 MacDonough Street.

8. When plaintiff exited the car at approximately 4:00 a.m., the driver, Kofi Nimako, informed two of the defendants, likely Officers Herman Kirton and Jean-Marc Denis of the 79th Precinct, that plaintiff had not paid his fare.

9. The two officers followed plaintiff into the lobby of his building and acting in concert, seized plaintiff and handcuffed him to a banister on the staircase.

10. The two officers then let several officers in uniform into the building.

11. The defendants, acting in concert, punched, kicked, and struck the handcuffed plaintiff with their batons on his face, head, body and legs.

12. Some of the defendants then attempted to pull plaintiff down the stairs despite the fact that plaintiff was handcuffed to the banister.

13. One of the defendants then uncuffed plaintiff and, because plaintiff was weak from the beating, he fell down several stairs.

14. Plaintiff lost consciousness and awoke in the 79th precinct with his pants and shoes off and a bandage on his head.

15. One of the defendants returned to plaintiff $40 out of the approximately $1,000 that plaintiff had in his possession.

16. While plaintiff was held in a cell in the precinct, Officer Kirton, plaintiff's designated "arresting officer," in an attempt to make the beating of plaintiff appear justified, misrepresented in police reports that plaintiff had committed the following offenses: assault in the second degree (a felony), assault in the third degree, resisting arrest and possession of marijuana.

17. Plaintiff was also charged with theft of services based on the complaint of the car service driver, Kofi Nimako.

18. The other defendants knew that Kirton was making several false allegations about plaintiff but they failed to intervene to protect plaintiff by, for example, reporting the matter to a supervisor.

19. On April 26, 2008, at approximately 8:00 p.m., plaintiff was taken to Brooklyn Central Booking.

20. Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, filthy, unsanitary and infested with pests. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

21. While plaintiff was confined in Brooklyn Central Booking, Officer Kirton, in an attempt to make the beating of plaintiff appear justified, misrepresented to the Kings County District Attorney's Office that plaintiff had committed the following offenses: assault in the second degree (a felony), assault in the third degree, resisting arrest and possession of marijuana

22. Officer Kirton also told prosecutors that car service driver Kofi Nimako told him that plaintiff did not pay his fare.

23. The other defendants knew that Kirton was making false allegations about plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to the District Attorney's Office.

24. On April 27, 2008, at approximately 11:30 a.m., plaintiff was arraigned in criminal court on the following charges: assault in the second degree (a felony), assault in the third degree, resisting arrest, possession of marijuana and theft of services.

25. The presiding judge released plaintiff on his own recognizance.

26. After he was released from custody, plaintiff was treated at Interfaith Hospital and at Long Island College Hospital.

27. Because of the seriousness of the assault and resisting arrest charges, plaintiff appeared in criminal court for almost three years.

28. Had plaintiff been charged only with theft of services, the criminal case would have concluded at arraignment or shortly thereafter.

29. The criminal charges were dismissed on March 17, 2011, almost three years from the date of plaintiff's arrest, on the ground that plaintiff was denied a speedy trial.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for over 24 hours and suffered a deprivation of liberty, pain, physical injuries, emotional distress, fear, anxiety and humiliation. Also, plaintiff incurred medical expenses in an amount to be determined and defendants stole $960 from him.

## FIRST CLAIM

### (UNREASONABLE FORCE)

31. Plaintiff repeats the foregoing allegations.

32. Defendants' use of force upon plaintiff or failure to intervene to prevent the use of force, as described herein, was objectively unreasonable and caused plaintiff pain and injury.

33. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## SECOND CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

34. Plaintiff repeats the foregoing allegations.

35. Officer Kirton, with the acquiescence of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff committed the following offenses: assault in the second degree (a felony), assault in the third degree, resisting arrest and possession of marijuana.

36. Defendants' misrepresentations deprived plaintiff of liberty in that he was required to appear in court for almost three years.

37. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabricating evidence against him and denying him a fair trial.

## THIRD CLAIM

## (MALICIOUS PROSECUTION)

38. Plaintiff repeats the foregoing allegations.

39. Officer Kirton, with the acquiescence of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff had committed the following offenses: assault in the second degree (a felony), assault in the third degree, resisting arrest and possession of marijuana

40. Defendants' purposes in commencing bogus charges against plaintiff was to make their beating of plaintiff appear justified, to have plaintiff convicted of and punished for crimes he did not commit and to obtain overtime compensation.

41. The prosecution on the assault and marijuana charges deprived plaintiff of liberty because he had to appear in criminal court for approximately three years.

42. The charges filed against plaintiff were ultimately dismissed.

43. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FOURTH CLAIM

## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

44. Plaintiff repeats the foregoing allegations.

6

45. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

46. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

47. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

48. Several members of the NYPD have been convicted of crimes for engaging in corruption and for making false allegations.

49. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

50. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

51. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and other officers like them and improperly retained and utilized them.

52. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    August 29, 2011

/s/

_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391